IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERNESTO TOLEDO-HERNANDEZ,

    Plaintiff,

vs.

EAST COAST FLOORING AND
INTERIORS, INC., a Florida Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ERNESTO TOLEDO-HERNANDEZ, sues Defendant, EAST COAST FLOORING AND INTERIORS, INC., and shows:

### Introduction

1. This is an action by ERNESTO TOLEDO-HERNANDEZ against his former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, ERNESTO TOLEDO-HERNANDEZ, (hereinafter "TOLEDO-HERNANDEZ") a resident of Broward County, was at all times material, employed by EAST COAST FLOORING AND INTERIORS, INC. as an installer, was an employee as

defined by 29 U.S.C. § 203 (e), and during his employment with Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5. Defendant, EAST COAST FLOORING AND INTERIORS, INC. (hereinafter, "EAST COAST FLOORING"), is a Florida Corporation doing business in Broward County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207. At all times pertinent to this Complaint, EAST COAST FLOORING operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and EAST COAST FLOORING obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. Defendant, EAST COAST FLOORING, has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically TOLEDO-HERNANDEZ, since August 2018, has worked in excess of 40 hours a

week virtually every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed, in that the Defendant would only pay him straight time for all hours worked, even those hours in excess of 40 hours per week. In addition, TOLEDO-HERNANDEZ worked several hours each week that were totally uncompensated.

7. The failure to pay overtime compensation to TOLEDO-HERNANDEZ is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he was paid hourly and was neither a bona fide executive, administrative or professional employee.

8. EAST COAST FLOORING's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and TOLEDO-HERNANDEZ's status as non-exempt, but chose not to pay him in accordance with the Act.

9. TOLEDO-HERNANDEZ is entitled pursuant to 29 U.S.C. § 216(b), to recover from EAST COAST FLOORING:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, ERNESTO TOLEDO-HERNANDEZ, prays that this court will grant judgment against Defendant EAST COAST FLOORING:

    a. awarding TOLEDO-HERNANDEZ payment of overtime compensation found by the court to be due to him under the Act;

    b. awarding TOLEDO-HERNANDEZ an additional equal amount as liquidated damages;

        c.        awarding TOLEDO-HERNANDEZ his costs, including a reasonable attorney's fee; and

        d.        granting such other and further relief as is just.

### **Jury Demand**

Plaintiff demands trial by jury.

Dated: August 30, 2021
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for ERNESTO TOLEDO-HERNANDEZ*